UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DALJEET SOMAL, individually, and on behalf of all those similarly situated,

Plaintiff,

v.

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,

Defendant.

NO. C09-1064RSL

ORDER GRANTING MOTION TO REMAND

## I. INTRODUCTION

This matter comes before the Court on "Plaintiff's Motion to Remand and Memorandum in Support Thereof," Dkt. #6. After plaintiff filed this class action lawsuit in King County Superior Court, defendant Allstate Property and Casualty Insurance Company ("Allstate") removed it to federal court, Dkt. #1. Plaintiff now moves for an order to remand the case back to the state court on the basis that defendant has failed to establish that the amount in controversy requirement for purposes of diversity jurisdiction is met. For the reasons set forth below, the Court grants plaintiff's motion to remand.

## II. DISCUSSION

**A. Background**

Plaintiff's complaint alleges that he was in a motor vehicle accident on or about January 12, 2009, and that the driver of the other vehicle was insured by State Farm insurance company.

ORDER GRANTING MOTION TO REMAND - 1

Dkt. #1, Ex. A ¶¶ 5-6. At the time of the accident, plaintiff's vehicle was insured under a policy issued by Allstate that included collision coverage with a $500 deductible. Id. ¶ 7. Plaintiff alleges that he incurred $500 in out-of-pocket costs for repairs, with the remaining repair costs paid by Allstate. Id. ¶ 9. According to plaintiff, Allstate and State Farm agreed to split liability on a 60/40 basis, resulting in a payment by State Farm of 40% of the cost to repair plaintiff's vehicle. Id. ¶ 10. After receiving that payment, Allstate sent a check to plaintiff for $200, which represented 40% of plaintiff's collision coverage deductible. Id. ¶ 11. Plaintiff claims that Allstate improperly declined to pay him the remaining $300 of his deductible, in violation of his insurance policy and Washington law. Id. ¶¶ 13-15. The complaint, filed on June 23, 2009 in King County Superior Court, asserts causes of action for violation of the Washington Consumer Protection Act ("WCPA"), bad faith, conversion, and breach of contract on behalf of plaintiff and "all others similarly situated," id. ¶ 12.

Allstate removed the case to federal court on July 27, 2009, stating that plaintiff's class action lawsuit meets the requirements for diversity jurisdiction under the Class Action Fairness Act ("CAFA") amendments to 28 U.S.C. § 1332(d). Dkt. #1 ¶ 7. Plaintiff now seeks an order remanding the case back to the state court, asserting that Allstate has failed to establish that the amount in controversy exceeds $5 million, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2).

**B. Analysis**

Federal courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Where the complaint does not specify the amount of damages sought, a defendant may overcome the "strong presumption" against removal jurisdiction by proving by a preponderance of the evidence that the amount in controversy requirement has been met. Id. at 566-67. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$5 million]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

1  Defendant must set forth the "underlying facts" supporting its assertion that the amount in
2  controversy satisfies the federal jurisdictional requirement. Gaus, 980 F.2d at 567; see also
3  Singer v. State Farm Mut. Auto Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997) ("[R]emoval 'cannot
4  be based simply upon conclusory allegations' where the ad damnum is silent.") (quoting Allen v.
5  R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)). Any uncertainties regarding removal
6  jurisdiction are to be resolved in favor of remand. Gaus, 980 F.2d at 566.[1]

7  The only evidence provided in Allstate's notice of removal regarding the amount in
8  controversy is the declaration of Christine Sullivan, Assistant Vice President for Allstate. Dkt.
9  #1, Ex. C. Ms. Sullivan states that Allstate paid 123,418 claims under its collision coverage to
10 Washington State insureds between July 1, 2005 and May 31, 2009, and that Allstate recovered a
11 total of $40,836,949 in subrogation claims arising from its payment of collision benefits during
12 that same period. Id. ¶¶ 4-5. From these two numbers, Allstate works backwards to discover
13 that even if 13.5% of the 123,418 claims represent class members similarly situated to plaintiff,
14 then the principal amount of damages sought would be over $5 million. Dkt. #1 ¶ 14. Given
15 that the WCPA permits trebling of actual damages, Allstate contends that only 5% of those
16 claims would be sufficient to meet the jurisdictional requirement. Id. ¶ 15. Similarly, Allstate
17 deduces that if only 12.25% of the $40,836,949 was improperly withheld as alleged in the
18 complaint, the amount in controversy would exceed $5 million. Id. ¶ 16. This number shrinks to

---

[1] Allstate contends that "[r]emoval under CAFA was intended to be *less* restrictive than removal under traditional diversity statutes," Dkt. #12 at 2-3, citing Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676 (9th Cir. 2006). But although the Ninth Circuit recognized that "[c]ertain aspects of CAFA . . . evidence Congress's intent that the district courts' jurisdiction vis-a-vis certain kinds of actions be broadened rather than restricted," Abrego Abrego, 443 F.3d at 684, it enumerated those aspects and concluded that Congress "did not mean otherwise to alter the jurisdictional terrain," id. at 684-85, including defendant's burden on removal. The Ninth Circuit preserved the "jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business." Id. at 683 (quoting Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 76 (1941)) (internal quotation marks omitted). "This rule of restriction extends to removal jurisdiction, especially insofar as it is based on the diversity jurisdiction of the federal courts." Id.

4% when treble damages are considered. Id.

But Allstate provides no evidence that these percentages bear any relation to the actual class size or amount in controversy. Of the 123,418 people represented by the total number of claims, the only people included in the class are those who were not fully reimbursed for their out-of-pocket expenses after Allstate recovered money from a third party for the insured's property damage. Moreover, of the $40,836,949 Allstate recovered in subrogation claims "arising from" its payment of collision benefits, Dkt. #1, Ex. C ¶ 5, only a small percentage is attributable to unpaid deductible amounts. Thus, Allstate has offered two overinclusive figures as its only evidence of federal CAFA jurisdiction, leaving the Court to speculate as to the size of the class and amount of unreimbursed deductible payments at issue. The court cannot base its jurisdiction on such "speculation and conjecture." Lowdermilk v. United States Bank Nat'l Ass'n, 479 F.3d 994, 1002 (9th Cir. 2007).[2]

Even if the Court were to find that the evidence included in the notice of removal met Allstate's burden, subsequent briefing revealed that this evidence was false. On September 9, 2009, nearly one month after plaintiff's motion to remand was fully briefed and noted for the Court's consideration, defendant submitted a supplemental brief indicating that the figures provided in the notice of removal "included information for Allstate companies other than solely Allstate Property & Casualty, resulting in incorrect figures for the total claims paid and the total subrogation recovery."[3] Dkt. #22 at 2. Upon further analysis, Allstate submits that it paid a total of 22,280 claims under its collision coverage to Washington State insureds and recovered a total

---

[2] Because the plaintiff in that case had specifically alleged damages less than the jurisdictional amount, Lowdermilk employed the stricter "legal certainty" standard. However, the Court finds that Allstate's assumptions and speculations based on overinclusive figures fail to prove by a preponderance of the evidence that the amount in controversy requirement is satisfied.

[3] Allstate states that "[u]nknown to Ms. Sullivan or to Allstate's counsel," Ms. Sullivan was provided with audit results that did not accurately reflect the claims at issue in this case. This revelation calls into question whether Ms. Sullivan in fact had personal knowledge of the facts set forth in her declaration. See Dkt. # 1, Ex. C ¶ 3.

ORDER GRANTING MOTION TO
REMAND - 4

of $15,520,384 in subrogation claims arising from its payment of collision benefits to these insureds. Dkt. #23 ¶¶ 506. Allstate contends, however, that the amount in controversy is still satisfied, relying on the same argument originally presented in its notice of removal. Whereas originally it claimed that the amount in controversy "easily swells above $5 million" if 5% of the total potential class members are actually in the class, Dkt. #12 at 7, now it argues that "only 25%" of those claims would be sufficient to meet the federal jurisdictional requirement, Dkt. #22 at 3. Thus, Allstate maintains that even when the number of potential class members is cut by 82%, it has still met its burden to prove removal jurisdiction. Despite the fact that two specific figures formed the basis for Allstate's notice of removal in the first place, Allstate essentially suggests that *any* number of claims and amounts recovered in subrogation of those claims would satisfy the jurisdictional requirement because *some* percentage may be at issue in the case. Allstate's statistical speculations fail all the more now that the universe of potential claims and amounts at issue is even smaller than originally indicated.[4]

Allstate also contends that plaintiff's demand for attorney's fees "further swells the amount in controversy." Dkt. #12 at 9. "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). But the only "evidence" Allstate provides of attorney's fees at issue in this case are citations to other Ninth Circuit class action cases awarding substantial attorney's fees. Dkt. #1 ¶ 19. Cf. Singer, 116 F.3d at 377 (the court "may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal'") (quoting Allen v. R&H Oil & Gas, 63 F.3d 1326, 1335-36 (5th Cir. 1995)). Allstate provides no evidence whatsoever to suggest that these cases are relevant to predicting the attorney's fees in the present case.

---

[4] Plaintiff suggests that the court should consider whether sanctions would be appropriate for Allstate's misrepresentations before the Court. Dkt. #25 at 5. While the Court is concerned about when Allstate may have realized that its submissions to the Court were inflated, it does not believe that sanctions are warranted at this time.

ORDER GRANTING MOTION TO
REMAND - 5

Finally, Allstate argues in its opposition to plaintiff's motion that plaintiff's request for injunctive relief also increases the amount in controversy. Dkt. #12 at 11. Plaintiff seeks an injunction requiring Allstate to reimburse its insureds for 100% of their collision deductible before retaining any funds for reimbursement. Dkt. #1, Ex. A at 8. But not only does Allstate base its argument on the same inflated numbers provided in its notice of removal, but also, as plaintiff points out, Allstate is required to reimburse its insureds in this manner by Washington Insurance regulations in effect as of August 21, 2009, WAC § 284-30-393. Therefore, the cost of any injunctive relief pursued by plaintiff is effectively zero, as an injunction will not obligate Allstate to pay any amounts greater than what is already required by the new regulation.

### III. CONCLUSION

For all of the foregoing reasons, plaintiff's motion to remand (Dkt. #6) is GRANTED.

DATED this 28th day of September, 2009.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO
REMAND - 6